UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Micheal Andre Kendrick, | ) | C/A No. 6:10-1741-RBH-KFM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Sergeant Sealy Martin, | ) | |
| Defendant. | ) | |

The plaintiff, Micheal Andre Kendrick ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), but filed this action while in the Chester County Detention Center. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a correctional officer in the detention center as the sole defendant.[2] Plaintiff claims Defendant Martin threatened him with physical violence. Plaintiff seeks "justice." The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**Background**

Plaintiff's statement of claim alleges that, on June 5, 2010, Defendant Martin told Plaintiff she should have tasered him, and then stated she didn't need to taser him because she could have other officers taser him. Plaintiff states that he asked Defendant Martin if she was threatening him, and she replied that it was not a threat but a promise. Plaintiff provides the names of witnesses to the conversation. Complaint at 3. Plaintiff asks the Court "to get some justice against Sgt. Martin" and "to get this jail system straight." Complaint at 5.

**Discussion**

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

2

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case claims Defendant Martin verbally threatened to taser, or have another officer taser, Plaintiff. In essence, Plaintiff claims that he has been subjected to verbal abuse by the Defendant. However, verbal abuse of an inmate, although clearly unprofessional and inappropriate, does not rise to the level of a constitutional violation. *See Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)(citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). While a threat of harm, combined with action designed to carry out the threat may state an Eighth Amendment claim, *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978), verbal abuse of an inmate by guards, without more, states no claim. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd Morrison v. Martin*, 917 F.2d 1302 (4th Cir. 1990). The complaint does not allege any action taken to carry out the threat, and Plaintiff is no longer detained in the Chester County Detention Center, so action on the threat is no longer possible. As Plaintiff fails to allege that Defendant Martin did anything more than threaten Plaintiff, this § 1983 action is subject to summary dismissal for failure to state a claim.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

August 20, 2010　　　　　　　　　　　　　　　　s/Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　　　United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).